**VEATCH CARLSON**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

**STEVE R. SEGURA, State Bar No. 156834**
ssegura@veatchfirm.com

Attorneys for Plaintiff
**DREAMROOM PRODUCTIONS, INC.**

(SPACE BELOW FOR FILING STAMP ONLY)



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAMROOM PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HHSI, INC., a California Corporation,<br><br>Defendant. | CASE NO. SACV08-00596 CJC (JWJx)<br><br>**COMPLAINT FOR:**<br><br>(1) COPYRIGHT INFRINGEMENT, VICARIOUS LIABILITY, AND CONTRIBUTORY INFRINGEMENT; and<br><br>(2) VIOLATION OF RIGHT OF PUBLICITY<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DREAMROOM PRODUCTIONS, INC. (hereinafter referred to as "DREAMROOM"), by its attorneys, for its Complaint against defendant, based upon federal question jurisdiction, alleges as follows:

## NATURE OF ACTION

1. This action seeks injunctive relief and damages based upon defendant's willful and systematic infringement of the intellectual property rights of DREAMROOM.

2. More specifically, at all times relevant, defendant has engaged in a pattern of unlawful conduct, including, without limitation, infringing DREAMROOM's copyrights and rights of publicity (by assignment) through

1  the repeated unauthorized reproduction, display, sale, and distribution of
2  motion picture videos owned by DREAMROOM on web sites controlled by
3  defendant.

4      3.    The conduct of defendant constitutes, at a minimum, a willful
5  infringement of DREAMROOM's copyrights and publicity rights.

## JURISDICTION AND VENUE

7      4.    This action arises under the Copyright Act of the United
8  States, 17 U.S.C. § 501 *et seq*. This court has jurisdiction over the
9  subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338
10 (a) and (b) and principles of pendent jurisdiction.

11     5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391
12 (b)(1), (b)(2) and (b)(3).

## THE PARTIES

14     6.    DREAMROOM is, and at all times mentioned herein was, a
15 California corporation having its principal place of business in Los Angeles,
16 California.

17     7.    DREAMROOM is informed and believes, and on that basis
18 alleges, that defendant, HHSI, INC. is a California corporation, with offices
19 at16795 Von Karman Avenue, Suite 250, Irvine, CA 92606.

## COMMON ALLEGATIONS

21     8.    DREAMROOM's business consists of the production, marketing
22 and promotion of motion pictures.

23     9.    DREAMROOM has invested, and continues to invest,
24 substantial sums of money, as well as time, effort and creative talent, to
25 produce its copyrighted works. In order to produce such works,
26 DREAMROOM must make numerous payments, including, without
27 limitation, fees for independent contractors, fees for camera and stage
28 and lighting crews, actor fees, photographer fees, location costs, styling

1  costs, make-up costs, production costs, equipment costs, travel costs, as
2  well as public relations, legal and advertising costs.
3      10.   DREAMROOM regularly hires independent contractors to
4  produce its works, who in turn employ actors and models in connection
5  with the creation of the copyrighted works.  As a regular part of
6  DREAMROOM's business, it secures assignments from the models of their
7  rights of publicity in connection with the works.
8      11.   DREAMROOM alleges, on information and belief, that
9  defendant is directly liable, liable for inducing and/or contributing to, and
10 vicariously liable for, the infringements of DREAMROOM's copyrights and
11 rights of publicity, including infringements through the use of web sites
12 under defendant's control, including the infringing conduct by defendant
13 alleged herein.
14     12.   DREAMROOM alleges upon information and belief that HHSI is
15 an Internet Service Provider that provides, among other things, Web
16 hosting, co-hosting and server rental services.
17     13.   DREAMROOM alleges upon information and belief that
18 Defendant webhosts, stores on its servers, allows public access to, owns,
19 operates and controls the web site <movie-revolution.com> ("movie-
20 revolution").  The movie-revolution web site displays, and offers for sale,
21 the copyrighted works of DREAMROOM.  Defendant has the ability to
22 control the whether it hosts the movie-revolution web site and its content.
23     14.  DREAMROOM is the owner by assignment of the rights of
24 publicity of the models and actors portrayed in the infringing works
25 depicted on, and offered for sale by, the movie-revolution web site.  The
26 display and sale of DREAMROOM's copyrighted works clearly infringes
27 upon DREAMROOM's rights of publicity.
28

15. DREAMROOM has informed Defendant that it is infringing upon DREAMROOM's copyrights and rights of publicity but Defendant has refused, and continues to refuse, to cease its infringing activity.

16. Defendant admits that it does not own the rights to the content appearing on its web sites, including, without limitation, Movie-revolution, and thus, defendant admits to a willful infringement of the copyrights and rights of publicity owned by DREAMROOM.

17. DREAMROOM has never authorized HHSI, INC. or the owner of movie-revolution to manufacture, use, promote, market, sell, display or distribute DREAMROOM's copyrighted works, or to invoke DREAMROOM's rights of publicity.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, Vicarious Liability, and Contributory Infringement Against Defendant – 17 U.S.C. § 501, *et seq.*)**

18. DREAMROOM incorporates the allegations set forth in paragraphs 1 through 15 of this Complaint as though fully set forth at length.

19. At all times relevant hereto, DREAMROOM has been the owner of all rights, title and interest to each of the copyrights in suit. DREAMROOM has registered the copyrights for the works that defendant has unlawfully manufactured, reproduced, copied, prepared derivative works from, promoted, marketed, distributed, sold and publicly displayed. DREAMROOM's copyrighted works which defendant is infringing include, without limitation, the following:

| | TITLE OF WORKS |
|---|---|
| 1. | Hasegawa Naami no Miharashi Seikou |
| 2. | Guradoru Shirouto Hakkutsu Purodu-su Kikaku Vol. 003 |
| 3. | Grahame - Rika Koizumi |

|     | TITLE OF WORKS |
| --- | --- |
| 4.  | Gradoru Hatsu 3P de Renzoku Nakadashi - Ayumi Kirishima |
| 5.  | Gradoru Mongen 8ji no Ojyosama ga AV Shutsuen? |
| 6.  | Bakunyu Hami Chichi Kuikomi Mizugi |
| 7.  | Bikini de akume - Mekosuji Zenkai |
| 8.  | Himekkore-Dotei Shokun! Youenkyoushi no Tokubetsu Juogy |
| 9.  | Himekkore-Dotei Shokun! Yourenkyoushi no Takubetsu Juogyo-VIP |
| 10. | Nakata Yui no Ecchi na Himitsu |
| 11. | Model Collection Select 2 Elegansu - Yuka Yamada |
| 12. | Model Collection Select 4 Elegansu - Yuka Yamada |
| 13. | Shai na Watashi ga Hatsurre ni Chosen! |
| 14. | Guradoru Shinjin Hakkutsu Purodu-su Kikaku Vol. 005 |
| 15. | Shinnyushain no Oshigoto Vol. 1 |
| 16. | Bakunyu Yoga Dojyo |
| 17. | Himekore Manatsu no nama!! Kyuujitsu Shukkin |
| 18. | Erosu note Dai 2 Sho Page 2 |
| 19. | Erosu note Dai 2 Sho Page 1 |
| 20. | Tagagi Seira Varentain Presento |
| 21. | Hatsugawama - Seira Takagi |
| 22. | Mew no Shinjin Chokyo 2 Zenpen |
| 23. | Mew no Shinjin Chokyo 2 Kouhen |
| 24. | Model Collection Select 1 Elegansu - Minako Oyama |
| 25. | Model Collection Select 3 Elegansu - Minako Oyama |
| 26. | Dynamaite - Rui orie |
| 27. | Geki Ranko - Rui orie |
| 28. | Geki Rori Ranko - Saya Misaki |
| 29. | Opaire-tsu obu Karibiankomu - Denetsu no Oppai wo Motomete - Zenpen |
| 30. | Opaire-tsu obu Karibiankomu - Denetsu no Oppai wo Motomete - Kouhen |
| 31. | Guradoru Shirouto Hakkutsu Purodu-su Kikaku Vol. 004 |

| | TITLE OF WORKS |
|---|---|
| 32. | Doinran Jyoyu My no Shinjin Choukyou!! Zenpen |
| 33. | Doinran Jyoyu My no Shinjin Choukyou!! Kouhen |
| 34. | Shikyu de Kanjiru... |
| 35. | Daburyu-Aya |
| 36. | Toshionna - Midaredoshi |
| 37. | Toshionna - Jyukunen |
| 38. | EroHassuru Part 1 |
| 39. | EroHassuru Part 2 |
| 40. | Sannin Kanjyo no Hina Matsuri |
| 41. | Dynamaite Saito Mai |
| 42. | Monburan no Ohrunaito Ippon |
| 43. | Gogo no Bikini Ro-shon |
| 44. | Ayayayayattsu!? Meccha Seikan Meccha nakadash! |
| 45. | Hadaka no O-jyosama |
| 46. | Shimada Kana no Nakadashi Seijin Iwai |
| 47. | Macchi Uri no Shojo - The Little Match Virgin |
| 48. | Goshujin sama no Tameni... |
| 49. | Hong Kong Musume no Hdo Check |
| 50. | Ajian Byuti |
| 51. | Misshitsu ryojyuku--Aki Yatoh |
| 52. | Roricchi |
| 53. | Moeyo Kokan Daikenkyuu! Miruku Ichigo |
| 54. | Dynamaite Akane Hotaru |
| 55. | Chikandensha Volume 2 |
| 56. | Aezaki Runa no Miharashi Saikou |
| 57. | Gradoru Shinjin Hakkutsu Purodu-su Kikaku Vol. 007 |
| 58. | Akino Inran matsutake Gari |
| 59. | Shinnyu Shain no Oshigoto Vol. 3 |
| 60. | Awahime Monogatari |
| 61. | Gokujou Awahime Monogatari Vol. 2 |

| TITLE OF WORKS | |
|---|---|
| 62. | Model Collection Select... 8 Poppu - Anna Watanabe |
| 63. | Model Collection Select... 11 Poppu - Anna Watanabe |

20.  Each of DREAMROOM's copyrighted works consists of material wholly original with DREAMROOM and each is copyrightable subject matter under the laws of the United States.

21.  DREAMROOM is informed and believes, and on that basis alleges, that defendant has directly infringed and/or knowingly induced, caused, materially contributed, encouraged, or assisted others to infringe DREAMROOM copyrights, by the reproduction, alteration, promotion, marketing, public display, sale or distribution of the copyrighted works.

22.  Defendant is liable for infringing DREAMROOM's copyrights as set forth above, by reproducing, marketing, promoting, selling, copying, publicly displaying, creating derivative works from, and distributing for purposes of trade, unauthorized copies of DREAMROOM's works, all in violation of 17 U.S.C. §§ 106, 501, *et seq*.

23.  Through its conduct averred herein, defendant has engaged and continues to engage in the business of knowingly and systematically inducing, causing, and materially contributing to, the above-described unauthorized reproductions, marketing, sales, public display and distribution of, and creation of derivative works from, DREAMROOM's copyrighted works.

24.  At all times relevant herein, defendant had the right and ability to supervise and/or control the infringing content that exists on defendant's web sites.  As a direct and proximate result of such failure to supervise, the defendant's web sites, including, without limitation, Movie-revolution, have infringed DREAMROOM's copyrights, as set forth herein.

25. At all relevant times herein, defendant has derived substantial financial benefit from the infringement of DREAMROOM's copyrights.

26. Defendant's acts alleged herein were performed without the permission, license or consent of DREAMROOM.

27. The infringement of each of DREAMROOM's rights in and to the copyrighted works constitutes a separate and distinct act of infringement.

28. The foregoing acts of infringement by defendant have been willful, intentional and purposeful, in disregard of and with indifference to the rights of DREAMROOM.

29. Defendant's conduct, as averred herein, constitutes direct, as well as contributory and vicarious infringement of DREAMROOM's copyrights and DREAMROOM's exclusive rights under copyright, in violation of sections 106 and 501 of the Copyright Act at 17 U.S.C. §§ 106, 501.

30. As a direct and proximate result, as well as contributory and vicarious infringements by defendant of DREAMROOM's copyrights and exclusive rights under copyright, DREAMROOM has suffered substantial damages to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, a dilution of the value of its rights, and damage to its customers who have properly licensed said copyrighted works, all in an amount to be established at trial. DREAMROOM is therefore entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

31. Alternatively, DREAMROOM is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c).

32. DREAMROOM is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

33. Defendant's conduct, as herein above averred, is causing and, unless enjoined and restrained by this Court, will continue to cause DREAMROOM great and irreparable injury that cannot fully be compensated or measured in money. DREAMROOM has no adequate remedy at law. Pursuant to 17 U.S.C § 502, DREAMROOM is entitled to preliminary and permanent injunctive relief prohibiting further infringement of DREAMROOM's copyrights.

## SECOND CLAIM FOR RELIEF

### (Violation of Right of Publicity Against Defendant - Cal. Civil Code § 3344 and the common-law)

34. DREAMROOM incorporates the allegations set forth in paragraphs 1 through 31 above as though fully set forth at length.

35. At all times relevant, DREAMROOM was the assignee of publicity rights in the likenesses of the models and actors appearing in its copyrighted works which models were the subject of still photographs and motion picture video productions appearing on defendant's web sites.

36. At all times, relevant, Defendant knowingly and without DREAMROOM's consent, invaded DREAMROOM's right to publicity by appropriating likenesses belonging to DREAMROOM and by publishing the same on the Internet and offering same for sale and distribution.

37. The appropriation was unauthorized and without the prior consent of DREAMROOM.

38. Defendant's conduct involved the appropriation of images of DREAMROOM's assignors, and DREAMROOM's assignors are readily identifiable in the images in that any person viewing the image with the naked eye can reasonably determine that the person depicted in it are DREAMROOM's assignors. Furthermore, defendant wrongfully used the names of these models on its web site.

39.  The appropriation by defendant was on or in products, merchandise, or goods, *i.e.*, in the works themselves, which are sold to the public on defendant's web site.

40.  The wrongful acts of defendant have caused, and are causing, great injury to DREAMROOM, which damage cannot be accurately or precisely computed, and unless this Court restrains the defendant from the further commission of said acts, DREAMROOM will suffer irreparable injury, for all of which DREAMROOM is without an adequate remedy at law.

41.  By reason of defendant's acts, DREAMROOM has suffered substantial damages to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, dilution of the value of its rights, and damage to its goodwill and image, all of which are not yet fully ascertainable.

42.  DREAMROOM is informed and believes, and on that basis alleges, that the aforementioned acts of defendant were willful, oppressive, fraudulent, and malicious, and DREAMROOM is therefore entitled to punitive damages.

### PRAYER FOR RELIEF

1.  The defendant, its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from:

   a.  reproducing, copying, publishing, distributing, or publicly displaying DREAMROOM's copyrighted works, and from otherwise infringing DREAMROOM's copyrights;

   b.  posting photographs or video clips of DREAMROOM's actors in the copyrighted works on the Internet;

   c.  violating DREAMROOM's rights of publicity;

    d.  unfairly competing against DREAMROOM by stealing works that they do not own the rights to and posting them for sale, selling or distributing them on the Internet, or elsewhere;

    e.  contributing to the above conduct;

    f.  profiting from the above conduct.

  2.  That defendant be ordered to destroy all infringing videos, images, documents, and other items, electronic or otherwise, in its possession.

  3.  An award of its actual damages.

  4.  That Defendant disgorge to DREAMROOM all profits received through the infringing acts or violation of publicity rights.

  5.  An accounting be made for all profits, income, receipts or other benefits derived by defendant.

  6.  Statutory damages under the Copyright Act.

  7.  That defendant pay to DREAMROOM general damages in an amount to be proven.

  8.  Statutory damages under California Civil Code § 3344.

  9.  That defendant pay to DREAMROOM punitive damages for its intentional and willful conduct.

  10.  That DREAMROOM be awarded its attorneys' fees and costs.

  11.  That DREAMROOM be awarded such other and further relief as this court deems just and appropriate.

DATED: May 21, 2008    Respectfully submitted,

            **VEATCH CARLSON**

            By: *Steve R Segura*
            STEVE R. SEGURA
            Attorneys for Plaintiff,
            **DREAMROOM PRODUCTIONS, INC.**

**DEMAND FOR JURY TRIAL**

Plaintiff DREAMROOM PRODUCTIONS, INC. hereby demands a jury trial on all issues so triable.

DATED: May 21, 2008

Respectfully submitted,

**VEATCH CARLSON**

By: /s/ Steve R. Segura
STEVE R. SEGURA
Attorneys for Plaintiff,
**DREAMROOM PRODUCTIONS, INC.**

I:\WP\88288422\P-COMPLAINT.p02.wpd

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

### SACV08- 596 CJC (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Steve R. Segura, Esq. (SBN: 156834)
VEATCH CARLSON
700 S. Flower Street
Los Angeles, CA 90017-4209
Tel: (213) 381-2861 - Fax: (213) 383-6370
Email: Ssegura@veatchfirm.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREAMROOM PRODUCTIONS, INC., a California corporation,<br><br>PLAINTIFF(S)<br>v.<br>HHSI, INC., a California corporation,<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV08-00596 CJC (JWJx)<br><br><br>SUMMONS |

TO:   DEFENDANT(S):  HHSI, INC.

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Steve R. Segura , whose address is  Veatch Carlson, 700 S. Flower Street, 22nd Floor, Los Angeles, California 90017-4209 .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  MAY 29 2008

By:  ROLLS ROYCE PASCHAL
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                             SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

DREAMROOM PRODUCTIONS, INC.

**DEFENDANTS**

HHSI, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

VEATCH CARLSON
700 S. Flower Street, 22nd Floor
Los Angeles, CA 90017-4209 Tel: (213) 381-2861 - Fax: (213) 383-6370

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | | | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

~~SACV08-00596 CJC (JWJx)~~

**FOR OFFICE USE ONLY:** Case Number: SACV070-738 JVS (JTLx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): SACV070-738 JVS (JTLx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): SACV070-738 JVS (JTLx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☑ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *[signature]*　　　Date May 27, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |