**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 08-00596-CJC(JWJx)                                    Date:  April 1, 2011

Title: <u>DREAMROOM PRODUCTIONS, INC. V. HHSI, INC. ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                              <u>    N/A    </u>
Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT WITHOUT PREJUDICE** [filed 3/8/11]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for April 11, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

      Plaintiff Dreamroom Productions, Inc. ("Dreamroom") brought this action against Defendant HHSI, Inc., and several other corporate and individual defendants, including Mr. Takahiro Inoue, alleging violations of the federal Copyright Act, and state-law claims for statutory and common-law rights of publicity.  Specifically, Dreamroom alleged that HHSI, Inc. and the other defendants made Dreamroom's copyrighted films available on certain websites without Dreamroom's permission.  Dreamroom served its First Amended Complaint on all Defendants in May 2010, including Mr. Inoue on May 13, 2010.  (Clary Decl. Ex. C.)  Mr. Inoue did not answer or otherwise appear in response to the First Amended Complaint.  On July 7, 2010, Dreamroom obtained an entry of default from the Clerk of the Court for all Defendants except HHSI, Inc.  (Clary Decl. Ex. E.)  HHSI, Inc. filed a motion to dismiss, or to strike, or for a more definite statement, which the Court denied in substantial part.  (Ct. Order, Aug. 4, 2010, Dkt. No. 106).  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00596-CJC(JWJx)            Date: April 1, 2011
                                                           Page 2

Court granted HHSI, Inc.'s motion for a more definite statement with respect to Dreamroom's fifth cause of action for statutory and common-law rights of publicity with leave to amend. (*Id.*) On August 23, 2010, Dreamroom filed a Second Amended Complaint in which it removed the fifth cause of action, but otherwise made no substantive changes to the First Amended Complaint. (Dkt. No. 107; Clary Decl. ¶¶ 17–18.) Dreamroom served the Second Amended Complaint on Mr. Inoue as well. On December 16, 2010, while Dreamroom's motion for summary judgment against HHSI, Inc. was pending before this Court, HHSI, Inc. filed for Chapter 7 bankruptcy protection. (Ct. Order, Dec. 16, 2010, Dkt. No. 148.) On January 19, 2011, Dreamroom filed an application for default judgment against all of the defaulted Defendants, including Mr. Inoue, based on their failure to timely respond to the First Amended Complaint. Mr. Inoue was also served a copy of the application for default judgment. (Clary Decl. Ex. G.) By order dated February 17, 2011, the Court granted Dreamroom's application in part and issued a permanent injunction against the defaulted Defendants. The Court denied without prejudice Dreamroom's request for statutory damages. (Ct. Orders, Feb. 17, 2011, Dkt. Nos. 158, 159.) Mr. Inoue now moves to set aside the entry of default judgment against him. For the following reasons, Mr. Inoue's motion is DENIED WITHOUT PREJUDICE.

**Analysis**

       Federal Rule of Civil Procedure 55(c) gives the Court discretion to set aside an entry of default for "good cause." The Ninth Circuit has held that the same factors for finding "good cause" to set aside an entry of default govern whether the Court should set aside a default judgment for "mistake, inadvertence, surprise or excusable neglect" pursuant to Federal Rule of Civil Procedure 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001). Those factors are: (1) whether the defendant's culpable conduct led to the default, (2) whether the defendant has a meritorious defense, and (3) whether reopening the default judgment would prejudice the plaintiff. *Id.* at 696 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (finding that these factors are consistent with the Supreme Court's definition of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*). The *Falk* factors are disjunctive, so a showing that a plaintiff will be prejudiced, or that the defendant lacks a meritorious defense, or that the defendant's culpable conduct led to the default is sufficient to deny the motion to set aside the default judgment. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). The moving party bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00596-CJC(JWJx)                       Date: April 1, 2011
                                                                        Page 3

---

showing that all of the *Falk* factors favor vacating the default judgment. *TCI Group Life Ins. Plan*, 244 F.3d at 696.

     Mr. Inoue has arguably met his burden to show that the default is not attributable to his culpable conduct. A defendant's conduct is "culpable" if there is no explanation of the default inconsistent with "a devious, deliberate, willful, or bad faith failure to respond." *TCI Group Life Ins. Plan*, 244 F.3d at 698; *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1093 (9th Cir. 2010) (clarifying that a defendant's failure to respond must be intentional in order for defendant's conduct to be culpable). Mr. Inoue submitted a sworn declaration stating that he did not respond to either the First or Second Amended Complaint because Defendant Koji Ban told him that Mr. Ban's counsel was handling everything involved in the case and Mr. Inoue did not need to worry about responding to either of the complaints or retain his own counsel. (Inoue Decl. ¶¶ 4–6.) Mr. Inoue also stated that he has an extremely limited knowledge of English and relied on a Japanese interpreter to understand the meaning of the documents that his counsel filed in connection with this motion. (*Id.* ¶ 2.) Although the Court is troubled by Mr. Inoue's repeated reliance on Mr. Ban's assurances despite Mr. Inoue's receipt of service of the First Amended Complaint, Second Amended Complaint, and Dreamroom's application for default judgment, (Clary Decl. ¶¶ 14, 17, 23), as well as Mr. Inoue's failure to appear at two depositions for which he was subpoenaed, (*id.* ¶¶ 29–33), the Court cannot conclude that Mr. Inoue's conduct demonstrates that he acted in bad faith.

     However, Mr. Inoue has not met his burden to show that he has a meritorious defense. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group Life Ins. Plan*, 244 F.3d at 700 (citations omitted). Mr. Inoue does not allege any facts to establish that any of the twenty-five affirmative defenses that he raises in his proposed answer apply in this case. (*See* Friedman Decl. Ex. 1.) Mr. Inoue stated that he has not been involved with Defendant HHSI, Inc. since 2003 and that he has never copied or helped copy or distribute any of Dreamroom's copyrighted films. (Inoue Decl. ¶¶ 4(a), 9.) However, Dreamroom has presented evidence that Mr. Ban testified at his deposition on behalf of HHSI, Inc. that Mr. Inoue was part of HHSI, Inc.'s technical team as recently as 2007. (Clary Decl. Ex. B at 15.) HHSI, Inc. also designated Mr. Inoue to testify as the person most knowledgeable for HHSI, Inc. on certain issues. (*Id.* at 10.) Mr. Inoue's statements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00596-CJC(JWJx)                                      Date: April 1, 2011
                                                                      Page 4

are therefore not enough to satisfy even the minimal burden imposed on a defaulted defendant to show that he has a meritorious defense. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004) ("A mere general denial without facts to support it is not enough to justify vacating a default or default judgment.") (internal citations and quotations omitted).

      Mr. Inoue has also not met his burden to show that Dreamroom will not be prejudiced by setting aside the entry of default judgment against him. In order to be prejudicial to the plaintiff, the setting aside of a default judgment must hinder the plaintiff's ability to pursue its claims. *TCI Group Life Ins. Plan*, 244 F.3d at 701. Simply delaying the resolution of the case or forcing the plaintiff to litigate the case on the merits is not sufficient to establish prejudice. *Id.* Here, however, there is a substantial risk of prejudice to Dreamroom. Because HHSI, Inc., has filed for bankruptcy protection, Dreamroom is pursuing a monetary judgment against HHSI, Inc. through the bankruptcy court. (Clary Decl. ¶¶ 37–40.) That is the only avenue presently available to Dreamroom to pursue its claim for statutory damages because this Court denied Dreamroom's application for default judgment with respect to its request for a money judgment. Setting aside the default judgment against Mr. Inoue would impose a significant burden on Dreamroom by requiring it to maintain litigation in two different courts. Moreover, Mr. Inoue's refusal to appear at his depositions deprived Dreamroom of an opportunity to take discovery regarding any of his potential defenses, and discovery has been closed in this case since October 2010. (*See id.* ¶ 40.)

      In sum, Mr. Inoue has not met his burden to show that setting aside the entry of default judgment and permanent injunction against him is warranted. In fact, Mr. Inoue does not contest the permanent injunction, but rather represents that his only concern is the potential financial liability that might later be imposed on him by virtue of his default. (Inoue Decl. ¶ 10.) Because the Court is sympathetic to Mr. Inoue's concerns, especially in light of his explanation for his failure to appear in this action and the strong federal policy favoring resolving cases on the merits, Mr. Inoue may renew his motion to set aside the default judgment should Dreamroom renew its own motion for default judgment to seek a money judgment against Mr. Inoue and the other defaulted Defendants from this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 08-00596-CJC(JWJx)            Date: April 1, 2011
                                                                                        Page 5

**Conclusion**

      For the foregoing reasons, Mr. Inoue's motion to set aside the default judgment is DENIED WITHOUT PREJUDICE.

mkyc

MINUTES FORM 11
CIVIL-GEN                                                                      Initials of Deputy Clerk MU